UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN POSEY,

      Petitioner,

Case No. 22-cv-11227
Hon. Matthew F. Leitman

v.

JOHN CHRISTIANSEN,

      Respondent.
_____/

### ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 8), (2) DISMISSING PETITION (ECF No. 2); AND (3) DENYING CERTIFICATE OF APPEALABILITY

Petitioner Brian Posey is a state inmate in the custody of the Michigan Department of Corrections. On June 3, 2022, Posey, though counsel, filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) In the petition, Posey seeks relief from his 2017 state-court convictions for conspiracy to deliver 50-449 grams of heroin, MICH. COMP. LAWS § 333.7401(a)(iii), and conspiracy to deliver less than 50 grams of cocaine. MICH. COMP. LAWS § 333.7401(2)(a)(iv). (*See id.*)

On December 12, 2022, Respondent filed a motion to dismiss the petition. (*See* Mot., ECF No. 8.) Respondent asserts that the petition is untimely because it was filed after expiration of the one-year statute of limitations. (*See id.*) Before filing

a response to the motion, Posey's counsel moved to withdraw. (*See* Mot. to Withdraw, ECF No. 12.) The Court then granted counsel's motion, ordered counsel to serve the withdrawal order on Posey, and directed Posey to file his own response to the motion to dismiss by no later than April 3, 2023. (*See* Order, ECF No. 13.) Posey failed to file a response.

For the reasons explained below, the Court **GRANTS** the motion to dismiss and **DISMISSES** Posey's petition.

## I

The following timeline sets forth the key events with respect to whether Posey timely filed his petition:

**December 18, 2018**: The Michigan Court of Appeals affirms Posey's convictions and sentence. *See People v. Posey*, No. 340087, 2018 WL 6709353 at ** 1, 4 (Mich. Ct. App. Dec. 20, 2018).

**May 23, 2019**: The Michigan Supreme Court denies Posey's Application for Leave to Appeal. *See People v. Posey*, 927 N.W. 2d 237 (Mich. 2019) (Table).

**July 11, 2019**: Posey files a motion for relief from judgment in the state trial court. (*See* St. Ct. Mot., ECF No. 9-8.)

**August 26, 2019**: The time for Posey to file a petition for certiorari in the United States Supreme Court on direct review expires.

**November 4, 2019:** The state trial court denies Posey's motion for relief from judgment. (*See* St. Ct. Order, ECF No. 10-4.)

**April 27, 2021:** The state-court proceedings in connection with Posey's motion for relief from judgment end when the Michigan Supreme Court denies Posey's Application for Leave to Appeal. (*See* Mich. Sup. Ct. Order, ECF No. 10-8.)

**June 3, 2022:** Posey files his federal habeas petition through counsel. (*See* Pet., ECF No. 1.)

## II

### A

There is a one-year statute of limitations for state prisoners seeking federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). The limitations period begins running from one of four specified dates. The most common starting date, and, as Posey acknowledges (*see* Pet., ECF No. 1, PagID.40-41), the one that applies here, is the date on which the petitioner's judgment becomes final by either (1) the conclusion of direct review or (b) the expiration of the period for seeking direct review in the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A).

The habeas limitations period may be statutorily tolled in certain circumstances. As relevant here, that period is tolled while "a properly filed

application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2).

### B

A straightforward application of these statutory provisions shows that Posey filed his federal habeas petition too late. Posey's convictions became final on August 26, 2019 – when the time for him to seek direct review of his convictions in the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007). While the one-year limitations period under Section 2244(d)(1)(A) ordinarily would have begun to run at that point, that period was tolled because Posey's properly-filed motion for relief from judgment was pending in state court. The tolling ended on April 27, 2021, when the Michigan Supreme Court denied leave to appeal in the proceedings related to Posey's motion for relief from judgment. The one-year limitations period began to run the next day, and it expired one year later, on April 28, 2022. Posey then filed his habeas petition a little over a month late on June 3, 2022. The petition is therefore untimely.

### C

Posey's counsel nevertheless asserted in the petition that it was timely filed. Counsel argued as follows:

Petitioner had one year to file his federal habeas corpus petition. 28 U.S.C. § 2244(d). The one-year period started on "the latest of" the four triggering events listed in Section 2244(d)(1)(A)-(D). In this case, the latest of those events is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

Direct review concludes when the United States Supreme Court denies certiorari. *Abela v. Martin*, 348 F.3d 164, 172-173 (6th Cir. 2003) (en banc) overruled on other grounds by *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2006). If the habeas petitioner did not file a petition for certiorari, then the one-year period starts on "the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), which is 90 days after the state's highest court disposed of the case on direct review. *Lawrence*, *supra*.

The one-year period is tolled (paused) when the petitioner properly files a state postconviction petition within the one-year period; it remains tolled until the state's highest court disposes of the postconviction petition. 28 U.S.C. § 2244(d)(2); *Lawrence*, 549 U.S. at 331; *Holbrook v. Curtin*, 833 F.3d 612, n.3 (6th Cir. 2016).

In this case, direct review concluded when the Michigan Supreme Court denied leave to appeal on direct appeal on May 28, 2019. *People v. Brian Keith Posey*, 503 Mich 1037; 927 N.W.2d 237 (2019), Docket No. 159042. Petitioner did not file a petition for a writ of ceritiorari with the United States Supreme Court. Therefore, Petitioner had 90 days plus one year (365 + 90 = 455 days) from May 28, 2019, to file his federal habeas petition. *Lawrence*, *supra*.

Forty-six (44) days later, on July 11, 2019, Petitioner properly filed a state postconviction petition, that is, his motion for relief from judgment under Mich. Ct. Rule

5

>  6.501 et seq., which tolled the one-year period with 411 days (455 – 44 = 411) remaining on the habeas clock. The tolling (pausing) of the habeas clock stopped on April 27, 2021, that is, when the Michigan Supreme Court denied leave to appeal from the lower courts' denial of Petitioner's postconviction petition. *People v. Posey*, 507 Mich 930; 957 N.W.2d 813 (2021), Docket No. 161902. Therefore, Petitioner had 411 days from April 27, 2021, to file his federal habeas petition, that is, until June 12, 2022.
>
>  Petitioner filed his habeas petition before June 12, 2022. Therefore, his petition is timely under 28 U.S.C. § 2244(d).

(Pet., ECF No. 1, PageID.40-41.)

In the motion to dismiss, Respondent correctly explained why this argument cannot be correct:

>  Posey argues that because he filed his motion for relief from judgment before the decision became final for federal habeas purposes, he is entitled to an additional 90 days tacked onto AEDPA's one-year limitations period. He provides no support for this, however, and it makes little sense that he would be entitled to such additional time.
>
>  First, the relevant language in section d(1)(A) is that the limitations period begins running from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A) (emphasis added); see also *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 (2009) (explaining that a State prisoner's direct appeal concludes for the purposes of AEDPA's one-year limitations period when the "availability of direct appeal" to both the State courts and the Supreme Court has been exhausted). This date—the date the judgment becomes final—is unaffected by the filing of post-conviction relief.

Regardless of whether the filing of a motion for relief from judgment tolled the limitations period, Posey's ability to seek a writ for certiorari in the United States Supreme Court still expired on August 26, 2019. See Sup. Ct. R. 13(1). There is no provision that tolls the time to seek certiorari as the state court entertains post-conviction proceedings. Instead, Posey's time to seek such review in the Supreme Court expired on August 26, 2019, and that is still the relevant date upon which the judgment became final. Here, because Posey had already filed a motion for post-conviction relief, the one-year limitations period was tolled on that date. After he exhausted his state court post-conviction remedies, he still had the full one-year period within which to file his petition.

Second, the 90-day period is not additional time added to the one year limitations period but is only relevant to determining when the judgment becomes final. Posey errors from the outset because he treats the 90-day period as additional time tacked onto the one-year limitations period. (See ECF No. 2, Br. in Support of Writ for Habeas Corpus, pp.12, Page ID# 41 (claiming Posey had 411 days in which to file his petition after the Michigan Supreme Court denied application for leave to appeal the trial court's denial of his motion for relief from judgment).) This is patently incorrect. The 90-day period is used to calculate when the judgment became final, and when the limitations period begins to run. It is not additional time added to the limitations period. Posey attempts to run these concepts together to give himself an additional 90 days within which to file. But this is unreasonable.

***

By filing his motion for relief from judgment before the judgment became final, all Posey did was ensure that when the judgment did become final, no time had elapsed off of the limitations period in his case. Thus, at the time Posey's application for leave to appeal denial of his post-conviction motion was denied on April 27, 2021, he had

7

>  the full 365 days within which to file his petition—no more, no less. He failed to file within that time, however, waiting until June 3, 2022. This was 403 days after the Michigan Supreme Court denied his application for leave to appeal his motion for relief from judgment. This was too late, and the petition should be dismissed.

(Mot to Dismiss, ECF No. 8, PageID.162-164.)

For the reasons explained by Respondent, Posey's argument that he timely filed the petition lacks merit. Because he filed the petition after the limitations period expired, the petition must be dismissed.[1]

### III

Federal Rule 22 of Appellate Procedure provides that an appeal may not proceed unless the Court issues a certificate of appealability under 28 U.S.C. § 2253. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, only if the petitioner shows that jurists of reason would find it debatable whether the petitioner stated a valid claim of the denial of a constitutional right, and that jurists

---

[1] In the petition, counsel did not suggest that the limitations period should be tolled by virtue of statutory or equitable tolling.

8

of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not debate the Court's dismissal of Posey's petition. Thus, the Court **DENIES** Posey a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 483-84.

## IV

For all of the reasons explained above, the Court (1) **GRANTS** Respondent's motion to dismiss (ECF No. 8), (2) **DISMISSES WITH PREJUDICE** Posey's petition for a writ of habeas corpus (ECF No. 1), and (3) **DENIES** Posey a Certificate of Appealability.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 11, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 11, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126